IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Marion Lamont Brown, Jr., #00318025, ) ) ) Plaintiff, ) ) vs. ) ) Sargent Jahmel Williams, ) ) Defendant. ) ) | C/A No.: 1:24-cv-4001-JFA-SVH  REPORT AND RECOMMENDATION |

Marion Lamont Brown, Jr. ("Plaintiff"), proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983 against Sergeant Jahmel Williams ("Defendant"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the district judge dismiss the complaint without prejudice.

I.     Factual and Procedural Background

Plaintiff is state prisoner incarcerated at Lee Correctional Institution. [ECF No. 1 at 2]. He alleges that on February 15, 2024, Defendant sprayed him with mace and slammed his hand in his jail cell's food slot after he complained he did not receive a breakfast tray and stated he would not remove his hand from the slot until he was permitted to speak with his mental health counselor.

*Id.* at 5–7. He claims he experienced burning, temporary loss of eyesight, and an overall decline in his vision. *Id.* at 6. He states he also experienced burning, bruises, scratches, and swelling in his hand, vomited blood, and had difficulty breathing. *Id.* at 6, 7. He alleges he was denied medical attention and an opportunity to decontaminate and was subjected to disciplinary action related to the incident. *Id.* He maintains Defendant violated his Eighth and Fourteenth Amendment rights. *Id.* at 4.

On August 2, 2024, the court issued a proper form order advising Plaintiff that he had failed to pay a filing fee or motion to proceed in forma pauperis and had not properly complete documents required for service of process. [ECF No. 5]. The order permitted Plaintiff until August 23, 2024, to: (1) either pay the filing fee or complete, sign, and return an Application to Proceed Without Prepayment of Fees and Affidavit ("Form AO 240"); (2) complete a summons form; and (3) complete forms USM-285 for each defendant. *Id.* at 1–2. The order warned: "If Plaintiff does not bring this case into proper form within the time permitted by this order, this case may be dismissed for failure to prosecute and failure to comply with a court order under Rule 41 of the Federal Rules of Civil Procedure." *Id.* at 1.

A review of the docket reveals Plaintiff has not paid the filing fee, filed Form AO 240, or provided documents required for service of process. It further indicates that no mail sent to Plaintiff's address of record has been returned to

the court. Thus, it appears Plaintiff received and failed to respond to the court's prior orders.

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630.

Based on Plaintiff's failure to respond to the court's August 2, 2024 orders, the undersigned concludes he does not intend to pursue the above-captioned matter. Accordingly, the undersigned recommends this case be dismissed without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

If Plaintiff pays the filing fee or returns Form AO 240 and provides documents required for service of process within the time set for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return the file to the undersigned for further action. If, however, Plaintiff fails to take such action, the Clerk shall forward this Report and Recommendation to the district judge for disposition.

IT IS SO RECOMMENDED.

August 29, 2024  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

4

Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).